**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICK L. SOVEREIGN; AMY J.
SOVEREIGN,

              Plaintiffs - Appellants,

v.

DEUTSCHE BANK; et al.,

              Defendants - Appellees.

No. 12-35449

D.C. No. 3:11-cv-00995-BR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted June 22, 2015[**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Rick L. and Amy J. Sovereign appeal pro se from the district court's

judgment dismissing their action related to a home mortgage loan and foreclosure

proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014) (dismissal for lack of subject matter jurisdiction); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011) (dismissal for failure to state a claim). We affirm in part, vacate in part, and remand.

The district court properly dismissed defendants Deutsche Bank and MortgageIt, Inc. because the Sovereigns' claims for declaratory relief do not state that the Sovereigns and these parties have adverse legal interests. *See Shell Gulf of Mexico Inc.*, 771 F.3d at 635 ("To determine whether a declaratory judgment action presents a justiciable case or controversy, courts consider whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." (citation and internal quotation marks omitted)).

The district court dismissed the Sovereigns' claims against defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and CitiMortgage after finding, among other things, that MERS was a proper beneficiary of the Sovereigns' deed of trust under Oregon law. However, after the district court entered judgment, the Oregon Supreme Court decided, in reviewing a deed of trust similar to the one here, that MERS was not a "beneficiary" of a deed of trust under

the Oregon Trust Deed Act, nor is MERS eligible to serve as the beneficiary simply by being designated as such in the deed of trust. *See Brandrup v. ReconTrust Co.*, 303 P.3d 301, 304, 309-12 (Or. 2013) (en banc). Because the district court did not have the benefit of *Brandrup*, we vacate and remand to allow the district court to reconsider the Sovereigns' claims against MERS and CitiMortgage.

The court has received appellee Cal-Western Reconveyance Corporation's notice of bankruptcy and automatic bankruptcy stay, filed on July 24, 2013. This case remains stayed as to appellee Cal-Western Reconveyance Corporation. On or before November 13, 2015, appellee Cal-Western Reconveyance Corporation shall file a status report regarding the bankruptcy proceedings.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**